UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No.: 2:12-CR-093 |
| | ) | |
| BRANDON BEALS | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's renewed *pro se* motion for sentence reduction [doc. 708], which has been rendered moot by the supplemental motion for sentence reduction filed by counsel. [Doc. 719]. The defendant asks the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or "sentencing guidelines") and *Hughes v. United States*, 138 S. Ct. 1765 (2018). The United States has responded in opposition to the motions. [Doc. 721].

**I. Authority**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon v. United States*, 560 U.S. 817, 827 (2010) (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1) (2018). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the

2

defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1]  In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

Recently, in *Hughes*, the Supreme Court held that a defendant may be eligible for § 3582(c)(2) relief even if he was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement, so long as the defendant's guideline range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes*, 138 S. Ct. at 1775-76. Stated differently, a defendant who was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement "will be eligible for relief under § 3582(c)(2) absent clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the guidelines." *Id.* at 1776.

## II. Factual Background

The 21-person indictment in this case charged the defendant with conspiring to manufacture fifty grams or more of methamphetamine (Count One) and with possessing equipment, chemicals, products, and materials which may be used to manufacture methamphetamine (Count 16). Count One subjected the defendant to a mandatory

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). No such motion was filed as to the present defendant.

*minimum* sentence of at least ten years, whereas under Count 16 the defendant faced a ten-year statutory *maximum*. *See* 21 U.S.C. §§ 841(b)(1)(A), 843(d)(2).

The parties subsequently entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Therein, the defendant agreed to plead guilty to Count 16 and the United States agreed to move for the dismissal of Count One. The parties further agreed that a sentence of 120 months would be "the appropriate disposition of this case." [Doc. 243].

The United States Probation Office then prepared and disclosed its Presentence Investigation Report ("PSR"), finding the defendant to be a Career Offender pursuant to U.S.S.G. § 4B1.1. However, the defendant's offense level was calculated under the § 2D1.1 drug quantity guideline rather than the Career Offender guideline because § 2D1.1 produced the greater offense level in this case. *See* U.S.S.G. § 4B1.1(b).[2]

By judgment dated May 16, 2013, this Court imposed the parties' agreed-upon 120-month sentence. The defendant's advisory guideline range was 110 to 120 months, based on a total offense level of 25, a criminal history category of VI (with 21 countable criminal history points), and the 120-month statutory maximum.

---

[2] The base offense level under § 2D1.1 was 28, whereas the Career Offender base offense level was only 24 due to Count 16's ten-year statutory maximum penalty. *See* PSR ¶¶ 17, 23; U.S.S.G. § 4B1.1(b)(5).

**III.    Analysis**

Applying Amendment 782, the defendant's new guideline range is 92 to 115 months, based on a total offense level of 23 and a criminal history category of VI.[3] Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. The parties are in agreement that, under *Hughes*, the defendant is now eligible for a reduced sentence. The United States, however, argues that no such relief should be granted, and this Court agrees.

The Court has considered the filings in this case, along with the relevant 3553(a) factors. The Court has also reviewed the defendant's PSR. As noted above, that document found the defendant to be a Career Offender with <u>21</u> countable criminal history points, based on a steady record of controlled substance and theft convictions.

At sentencing, defense counsel recognized the benefit that the defendant had received from his Rule 11(c)(1)(C) plea agreement and the dismissal of Count One. Candidly, counsel acknowledged that if the defendant "was sentenced as a [C]areer [O]ffender, essentially his life would be over or nearly so. He'd spend the bulk of the rest of his life in prison . . . ." [Doc. 511, p.6]. The defendant himself assured the Court that he was "taking this lesson in life and learning from it. . . . This time I'm not letting

---

[3] The defendant's new offense level is still calculated using § 2D1.1 rather than the Career Offender guideline because the former still results in a higher base offense level (26) than does the latter (24).

anything hold me back so I can make something out of myself and show my family the man I really am." *Id.* p.4-5.

Unfortunately, the defendant's Bureau of Prisons disciplinary record shows that he has not been true to his word. Since his incarceration in May 2013, the defendant has been sanctioned for *fifteen* different infractions. He has been disciplined twice for assault and four times for possession or use of drugs or alcohol. Even his lesser offenses such as refusing work assignments (three instances) and disrupting phone or mail monitoring (four instances) show a continuation of the absolute disregard for authority that brought him before this Court in 2013 as 27-year-old who had already accumulated a staggering 21 criminal history points.

The Court does recognize that the defendant has participated in some educational and vocational programs while incarcerated, and for that he is commended. Nonetheless, a sentence of 120 months remains warranted in this case based on the defendant's history and characteristics, to afford adequate deterrence to this defendant, and to protect the public from further crimes by a defendant who very plainly has not put forth sufficient effort toward rehabilitating himself while incarcerated. *See* 18 U.S.C. § 3553(a)(1), (2)(B)-(C).

## IV. Conclusion

For the reasons provided herein, the defendant's renewed *pro se* motion for sentence reduction [doc. 708] is **DENIED AS MOOT**, and the motion for sentence reduction filed by counsel [doc. 719] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge